**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 08-cv-02220-CMA-BNB

EUGENE A. EHLER, FRANCIS CORDES, and SHIVANII SINGH,
individually and on behalf of all others similarly situated,

      Plaintiffs,

v.

IPEX, INC., and
IPEX USA, LLC,

      Defendants.

---

**ORDER REGARDING OUTSTANDING MOTIONS**

---

      This matter is before the Court on (1) Defendants' Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a), filed February 23, 2009 (Doc. # 17); (2) Plaintiffs' Motion to Appoint Interim Lead Counsel and Liaison Counsel, filed March 20, 2009 (Doc. # 22); (3) the parties' Joint Motion to Enter Agreed-Upon Order Resolving Defendants' Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a), Plaintiff's Motion to Join Francis Cordes and Shivanii Singh in Their Individual Capacities and as Representatives of the Class Pursuant to Fed. R. Civ. P. 20(a)(1), and Plaintiff's Motion to Appoint Interim Lead Counsel and Liaison Counsel, filed April 6, 2009 (Doc. # 29); and (4) the parties' Stipulated Motion for Extension of Time in Furtherance of Settlement Negotiations, filed May 1, 2009 (Doc. # 43).

**BACKGROUND**

This case is a putative class action seeking damages and injunctive relief against Defendants IPEX, Inc. and IPEX USA, LLC (collectively, "IPEX") for allegedly manufacturing and selling a defective plumbing system.  The case is one of a number of related lawsuits against IPEX that have been filed in various courts across the country.  The parties have filed numerous procedural motions concerning the proper venue, the proper parties, the proper counsel, and the proper schedule.  Because of the related nature of many of these motions, the Court addressed the motions in one comprehensive Order.  The Court's rulings on the motions are as follows.

**ANALYSIS**

**I.      MOTION TO TRANSFER VENUE (DOC. # 17)**

Shortly after the filing of the operative second amended complaint, IPEX filed a motion to transfer this case to the United States District Court for the Western District of Texas, arguing that the critical parties, witnesses, and evidence reside there.  (Doc. # 17.)  However, IPEX later conceded that it would withdraw the transfer motion upon the joining of two Colorado plaintiffs – Francis Cordes and Shivanii Singh – and the dismissal of plaintiff Eugene Ehler.  (*See* Doc. # 29 at 2.)  On April 14, 2009, Francis Cordes and Shivanii Singh were added as plaintiffs.  (*See* Doc. # 34.)  And on May 11,

2009, the parties stipulated to the dismissal, without prejudice, of plaintiff Eugene Ehler.[1]  (*See* Doc. # 45.)

For these reasons, Defendants' Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) is deemed WITHDRAWN by agreement of the parties.

## II.   MOTION TO APPOINT INTERIM LEAD COUNSEL AND LIAISON COUNSEL (DOC. # 22)

Fed. R. Civ. P. 23(g)(3) permits this Court to "designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action."  Five law firms – Merrill Nomura & Molineux, LLP, Audet & Partners, LLP, Cuneo Gilbert & LaDuca, LLP, Lockridge Grindal Nauen, P.L.L.P., and Levy Ram & Olson, LLP – seek appointment as joint interim class counsel.  (*See* Doc. # 22 at 1.) The firm of Rothgerber Johnson & Lyons LLP seeks appointment as interim liaison class counsel.  (*See id.*)   Defendants take no position on this request.  (*See* Doc. # 29 at 4.)

Rule 23(g)(3) is silent as to the standards concerning the appointment of interim counsel.  However, "[w]hen appointing interim class counsel, courts generally look to the same factors used in determining the adequacy of class counsel under Rule 23(g)(1)(A)."  *In re Mun. Derivatives Antitrust Litig.*, 252 F.R.D. 184, 186 (S.D.N.Y. 2008).  Rule 23(g)(1)(A) provides that the Court must consider counsel's work in

---

[1]   The parties requested the Court enter an order dismissing Mr. Ehler.  (*See* Doc. # 45.)  However, pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii), where, as in this case, an agreed-upon stipulation of dismissal is filed, that stipulation serves to effectuate the dismissal without a court order.

3

identifying or investigating the potential claims, counsel's experience in handling complex class actions, counsel's knowledge of the applicable law, and the resources that counsel will bring to bear in representing the class.

Considering the firms' qualifications in light of these factors, the Court is satisfied that their appointment as interim lead and liaison counsel is appropriate. The firms have significant experience litigating complex consumer class actions, and appear to have the resources and skills necessary to effectively represent the proposed class. (*See, e.g.*, Doc. # 22 at 5-12.) The Court has some concern that the appointment of five firms as joint interim lead counsel could lead to duplicative work and other inefficiencies. However, these firms represent that their proposed appointment is a result of negotiations between eighteen plaintiffs' law firms in several related class-action lawsuits across the country, and that the five firms are already serving as joint lead counsel in most of these related cases. (*See* Doc. # 22 at 1-2 and attachment 4.) They have committed to conduct, efficiently and economically, pretrial tasks and to monitor the litigation to avoid unnecessary expenditures. (*See id.* at attachment 4.) Finally, the parties represent that they are currently engaged in discussions aimed at resolving all of the related IPEX lawsuits in a comprehensive settlement. (*See* Doc. # 43 at 1.) The Court finds that it would be particularly appropriate and in the best interest of the putative class to have a consistent leadership structure in the related cases in order to further effective and efficient settlement negotiations.

For these reasons, the Court GRANTS the Motion to Appoint Interim Lead Counsel and Liaison Counsel.  The Court further adopts the responsibilities of counsel enumerated in the proposed Order accompanying the motion.  The responsibilities of counsel shall be as follows.

Plaintiffs' interim lead counsel shall:

(a)   determine and present (in briefs, oral argument, or such other fashion as may be appropriate, personally or by a designee) to the Court and opposing parties the position of the plaintiffs on all matters arising during pretrial proceedings;

(b)   conduct settlement negotiations on behalf of plaintiffs;

(c)   delegate specific tasks to other counsel in a manner to ensure that pretrial preparation for the plaintiffs is conducted effectively, efficiently, and economically, establish any necessary organizational structure;

(d)   enter into stipulations, with opposing counsel, necessary for the conduct of the litigation;

(e)   prepare and distribute to the parties periodic status reports;

(f)   maintain adequate time and disbursement records covering services as lead counsel;

(g)   monitor the activities of co-counsel to ensure that schedules are met and unnecessary expenditures of time and funds are avoided;

(h)     perform such other duties as may be incidental to proper coordination of plaintiffs' pretrial activities or authorized by further order of the Court, including the drafting and/or filing of all pleadings, orders, and correspondence necessary to conduct the litigation; and

(i)     plan and coordinate, to the extent practicable, with the related actions filed in District Court in Texas, California and Washington, all discovery, law and motion practice and related matters, to ensure the efficient prosecution of the related cases.

Plaintiffs' interim liaison counsel shall:

(a)     maintain and distribute to co-counsel and to Defendants' Liaison Counsel an up-to-date service list;

(b)     receive and, as appropriate, distribute to co-counsel orders from the Court and documents from opposing parties and counsel; and

(c)     maintain and make available to co-counsel at reasonable hours a complete file of all documents served by or upon each party, except such documents as may be available at a documents depository.

### III.  JOINT MOTION (DOC. # 29)

In an attempt to resolve a number of outstanding issues raised in earlier filed motions, including those discussed above, the parties filed a Joint Motion to Enter Agreed-Upon Order Resolving Defendants' Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a), Plaintiff's Motion to Join Francis Cordes and Shivanii Singh in

Their Individual Capacities and as Representatives of the Class Pursuant to Fed. R. Civ. P. 20(a)(1), and Plaintiff's Motion to Appoint Interim Lead Counsel and Liaison Counsel ("Joint Motion").  (*See* Doc. # 29.)  The parties specifically requested this Court enter an order (1) granting plaintiff's Motion to Join Francis Cordes and Shivanii Singh in Their Individual Capacities and as Representatives of the Class Pursuant to Fed. R. Civ. P. 20(a)(1); (2) dismissing the claims of plaintiff Eugene Ehler and deeming Defendants' Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) to be withdrawn; (3) granting Plaintiff's Motion to Appoint Interim Lead Counsel and Liaison Counsel; and (4) amending the Court's Scheduling Order with respect to a number of pretrial deadlines.  (*See id.* at attachment 1.)

The Court has already addressed most of the requested relief, either in this Order or prior to.  As noted above, Francis Cordes and Shivanii Singh were previously permitted to be joined as plaintiffs, and in this Order plaintiff Eugene Ehler has been dismissed, the motion to transfer venue has been deemed withdrawn, and the motion to appoint interim counsel has been granted.  *See supra* at Sec. I-II.  Thus, these portions of the Joint Motion are moot.

The Court also finds the request to amend certain deadlines to be moot.  After the filing of the Joint Motion, all of the referenced deadlines were addressed, and many of the requested extensions were granted, in an Order entered by Magistrate Judge Boyd N. Boland.  (*See* Doc. # 34.)  Although this Order was entered on plaintiff's motion to join Francis Cordes and Shivanii Singh (Doc. # 23) and not on the Joint Motion, the

Court reads the Order as having the effect of mooting the requests for extensions in the Joint Motion.

For these reasons, the Court DENIES the Joint Motion as MOOT.

**IV.     STIPULATED MOTION FOR EXTENSION OF TIME IN FURTHERANCE OF SETTLEMENT NEGOTIATIONS (DOC. # 43)**

Finally, the parties recently filed a Stipulated Motion for Extension of Time in Furtherance of Settlement Negotiations (Doc. # 43) in which they request that the deadline for filing class certification motions, currently set in the Scheduling Order for October 1, 2009, be extended to November 9, 2009. The Scheduling Order may only be amended on a showing of good cause. (*See* Doc. # 15 at 17.) The parties contend that this one-month extension will permit them to focus their present efforts on settlement and mediation of all of the IPEX lawsuits. (*See* Doc. # 43 at 4-5.) The parties further represent that discovery will continue during the settlement discussions and, thus, if settlement proves unsuccessful, the discovery process will have been moving along throughout. (*See id.* at 5.) For these reasons, the Court finds that there is good cause for the extension and therefore GRANTS the parties' Stipulated Motion for Extension of Time in Furtherance of Settlement Negotiations.

## **CONCLUSION**

Having reviewed the parties' various motions discussed herein, the Court ORDERS as follows:

1. Defendants' Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) (Doc. # 17) is deemed WITHDRAWN by agreement of the parties;

2. Plaintiffs' Motion to Appoint Interim Lead Counsel and Liaison Counsel (Doc. # 22) is GRANTED;

3. The parties' Joint Motion to Enter Agreed-Upon Order Resolving Defendants' Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a), Plaintiff's Motion to Join Francis Cordes and Shivanii Singh in Their Individual Capacities and as Representatives of the Class Pursuant to Fed. R. Civ. P. 20(a)(1), and Plaintiff's Motion to Appoint Interim Lead Counsel and Liaison Counsel (Doc. # 29) is DENIED as MOOT;

4. The parties' Stipulated Motion for Extension of Time in Furtherance of Settlement Negotiations (Doc. # 43) is GRANTED; and

5. Because of the dismissal of Plaintiff Eugene Ehler, the caption on all subsequent filings shall reflect the removal of Mr. Ehler as a plaintiff in this case.

DATED:  May  15 , 2009

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge